21-6294
Maldonado v. Garland

BIA
Lurye, IJ
A209 288 734

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MARTHA LIDIA MALDONADO,
> *Petitioner*,

v.                                                              **21-6294**
                                                                **NAC**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Paul O'Dwyer, Law Office of Paul O'Dwyer, P.C., New York, NY.

FOR RESPONDENT:           Brian M. Boynton, Principal Deputy Assistant Attorney General; Christina P. Greer, Senior Litigation Counsel; Robert K. Lundberg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Martha Lidia Maldonado, a native and citizen of Honduras, seeks review of an April 29, 2021 decision of the BIA affirming an October 9, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martha Lidia Maldonado,* No. A209 288 734 (B.I.A. Apr. 29, 2021), *aff'g* No. A209 288 734 (Immigr. Ct. N.Y.C. Oct. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Maldonado asserts that she has a well-founded fear of persecution and that she will more likely than not be tortured because her daughter was harassed by a gang member and refused his advances, and Honduran authorities would be unable and unwilling to protect her. The agency did not err in concluding that she failed to meet her burden of proof.

Because Maldonado does not challenge the agency's conclusion that she failed to establish past persecution, she had the burden to establish an objectively reasonable fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to h[er] native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Id.* at 129. Because

Maldonado feared harm at the hands of a gang member, she also had to show that the government was unable or unwilling to control the alleged persecutor. *See Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 342 (2d Cir. 2006) ("[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions."). "An applicant seeking to establish persecution based on the violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (internal quotation marks and brackets omitted).

Maldonado testified that a gang member harassed her and her daughter by approaching her daughter and insisting that her daughter be his girlfriend. When she threatened to report him to the police, he said he was not afraid of them. She testified that she did not report him because in other cases, the police had released perpetrators after 24 hours for lack of evidence. While her daughter testified that gangs in El Salvador (near the Honduran border where Maldonado and her daughter lived) killed the father of a classmate who had refused a gang member's advances, Maldonado testified that gangs killed the father during a robbery. News reports confirmed high rates of violence against women and that gang members forcibly recruit girls and women, but also indicated that at least one woman had been rescued by authorities. The IJ took judicial notice that the 2017 State Department report reflected both that gangs are responsible for much of the violence in Honduras and that the government is working to address this—for example, by operating municipal offices to prevent gender-based violence. Given Maldonado's failure to report the harassment to the police, and the evidence of some efforts to detain and prosecute persons involved in crimes, the agency did not err in determining Maldonado failed to establish that the Honduran government was unwilling or unable to protect her. *See id.* (requiring more than "difficulty

3

controlling private behavior" (internal quotation marks and alterations omitted)).

For essentially the same reasons, the agency also did not err in denying CAT relief. Maldonado did not demonstrate that it was more likely than not that anyone in the Honduran government would torture her or acquiesce to her torture, given that she never reported any harassment or provided particularized evidence that an official would acquiesce to her torture. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (holding that record did not compel acquiescence finding where applicant did not report attack and evidence reflected government efforts to combat gang violence); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 158 (2d Cir. 2005) (requiring "particularized evidence" that applicant would be subject to torture).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4